By the Court,

Savage, Ch. J.
Upon the evidence on the part of the plaintiffs alone, I think there can be no doubt of their right to recover. Reed was one of the trustees of the association ; he was their treasurer, and as such, their financial agent; he received all the funds of the association, deposited them in the bank, and drew them out and appropriated them to the object for which they were intended.. He drew as agent of the company, (and such he was,) and it was an act within the general s.cope of his agency ; his principals are therefore liable.
“ Even independent of the special character of Reed as treasurer and agent, I think the defendants are liable. They had associated together to build the Bowery Theatre ; they had contracted with Geer & Riley to rent the building and the plaintiffs, at the request of one of the joint contractors, advanced to the builders $3000, which was applied upon the joint contract of all the defendants. They have all had the benefit of this money; it is therefore money paid to their use. Suppose the money had not been paid, an equal amount would be due to Geer & Riley upon their contract; and though the contract was made in the name of the trustees, there is no doubt that all the joint proprietors would be responsible to the builders.
That Reed was at the same time president of the Tradesmen’s Bank can make no difference. He may or may not have known that his account was overdrawn. In the view which I have taken of the question, that fact is not material; but if it were otherwise, there is no evidence that he knew how the account stood when the draft in question was drawn.
The articles of association do not affect the plaintiffs in this suit. Those articles were intended to govern the members in the management of their concerns ; but as the plaintiffs had no notice of those articles, they are not concluded by *them. The defendants are subject to the liability of joint proprietors and of pricipals for the acts of a general agent acting within the scope of his authority. If a general agent receive particular instructions, which he disregards, his acts as agent are nevertheless binding upon his principals. For instance, he is authorized to sell an article at a particular price, and he sells for less, the sale is good; but if a spicial agent were *91 to do so, the sale would be void. If several persons become partners, and agree among themselves that neither shall make any contract to charge the other, such agreement between the partners will not affect strangers having no notice of it. As between the firm and the public, the liability of the firm will be controlled by the general law of partnership. So in this case, the agreement between the proprietors, being unknown to the bank, can have no influence on the decision of this case, and regularly should not have been received in evidence.
I am therefore of opinion that the plaintiffs are entitled to judgment.